**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ANDREW ELLIN,                          :
                                       :
            Plaintiff,                 :
                                       :    Civ. Action No. 15-2694(FLW)
v.                                     :
                                       :
CREDIT ONE BANK,                       :    OPINION
                                       :
                                       :
            Defendant.                 :
_____:

**WOLFSON, District Judge**:

Plaintiff Andrew Ellin ("Plaintiff") filed this action against his credit card company, Defendant Credit One Bank ("Defendant" or "Credit One"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227 *et seq*., and, in response, Defendant now moves to dismiss the complaint and compel arbitration. In its motion, Defendant argues that the arbitration clause in the cardholder agreement (the "Cardholder Agreement") is valid and enforceable, thus obliging Plaintiff to arbitrate his TCPA claim. For the reasons set forth below, the Court finds that a valid arbitration agreement between the parties exists, and that Plaintiff's TCPA claim falls within the ambit of the arbitration clause. Defendant's motion is **GRANTED**.

**Factual and Procedural Overview**

In August 2014, Defendant sent Plaintiff a pre-approved credit card solicitation by mail, containing language requiring both parties to arbitrate any potential disputes. Harwood Aff. ¶ 8.[1]

_____

[1] Since Defendant mounts a factual challenge to this Court's subject matter jurisdiction, the Court may consider factual matters and extrinsic materials, such as affidavits and other evidence, that are not referenced in Plaintiff's Complaint. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *United States, ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009) ("When,

Shortly thereafter, Plaintiff applied for a credit card through Defendant's website,[2] and, in turn, Defendant mailed a credit card to Plaintiff for activation. *Id.* ¶ 11. The Cardholder Agreement was enclosed with the credit card, and it contained a variety of terms and conditions that were intended to govern Plaintiff's credit card account and the relationship with Defendant. *Id.* ¶ 10. Importantly, among them was a clause stating that use of the attached credit card signified an acceptance of the Agreement's terms and conditions. *See* The Agreement p. 1. Moreover, the Agreement contained an arbitration clause, whose bold and capital text, in pertinent part, read: **"PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION."** *Id.* at p. 6. After providing an explanation of the arbitration process, the Agreement further defined the clause's broad scope: "[c]laims subject to arbitration include, but are not limited to,…collections matters relating to your account;…and any other matters relating to your account." *Id.*

Notwithstanding these aforementioned provisions, Plaintiff filed this suit. Plaintiff alleges that Defendant violated the TCPA by continuously telephoning him, regarding delinquent credit card payments, through the use of an automatic dialing system without obtaining his prior express consent. Compl. ¶ 13-20, 28. In the present matter, Defendant moves to dismiss the complaint and

---

as here, defendant challenges the existence of subject matter jurisdiction in fact…the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits.").

[2] While Plaintiff alleges that the language pertaining to arbitration in the solicitation and the website application lack specificity, unlike the clause contained in the Cardholder Agreement, Defendant does not take the position that Plaintiff is bound to arbitrate based on the website or the solicitation.  Rather, Defendant claims that Plaintiff agreed to the terms as set forth in the Cardholder Agreement.  Accordingly, the Court will focus on that agreement in this Opinion.

compel arbitration, primarily arguing that Plaintiff has agreed to arbitrate his TCPA claim.[3] However, in an attempt to circumvent the Cardholder Agreement's arbitration clause, Plaintiff argues, *inter alia*, that, because "Defendant provides no documentation showing Plaintiff's written acceptance of the terms and conditions of a credit card," the arbitration agreement is not valid and enforceable, despite the fact that Plaintiff made purchases on his credit card. Plaintiff's Opposition Brief at 11.

**Discussion**

**1. The Federal Arbitration Act**

The Federal Arbitration Act's ("FAA") "purpose is to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Beery v. Quest Diagnostics, Inc.*, 953 F. Supp. 2d 531, 536-37 (D.N.J. 2013) (Internal quotation and citation omitted). To achieve this end, the FAA provides that contract provisions that contain arbitration clauses "shall be binding, allows for the stay of federal court proceedings in any matter referrable to arbitration, and permits both federal and state courts to compel arbitration if one party has failed to comply with an agreement to arbitrate." 9 U.S.C. §§ 2, 3, 4. Collectively, "those provisions [of the FAA] manifest a liberal federal policy favoring arbitration agreements." *Beery*, 953 F. Supp. 2d at 537 (Internal quotation and citation omitted). Accordingly, "as a matter of

---

[3] While Plaintiff does not make any argument as to whether TCPA claims are generally arbitrable, various courts have so found. *See, e.g.*, *Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1207 (S.D. Cal. 2013) (finding a TCPA claim arbitrable); *Owings v. T-Mobile USA*, Inc., 978 F. Supp. 2d 1215, 1225 (M.D. Fla. 2013) (same); *Conway ex rel. Conway v. Done Rite Recovery Servs.*, No. 14-5182, 2015 U.S. Dist. LEXIS 56980, at *14 (N.D. Ill. Apr. 30, 2015); *Weingarten v. Colony Brands, Inc.*, No. 12-1079, 2013 U.S. Dist. LEXIS 118492, at *4 (D. Conn. Aug. 21, 2013) (determining that plaintiffs TCPA claim fell within scope of arbitration clause); *Sherrod v. Time Warner Cable, Inc.*, No. 14-1471, 2014 U.S. Dist. LEXIS 163393 (S.D.N.Y. Nov. 21, 2014).

federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id*. (Internal quotation and citation omitted).

When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009). When performing this inquiry, the Court applies "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009).

**2. Validity of the Arbitration Agreement**

Plaintiff disputes the validity of the arbitration clause in question, arguing that "Defendant has failed to present sufficient evidence that Plaintiff knowingly agreed to arbitration." Plaintiff's Opposition Motion at 9. In support of this position, Plaintiff makes a twofold argument: (1) the language concerning arbitration in the credit card solicitation lacks specificity; and (2) "Defendant provides no documentation showing Plaintiff's written acceptance of the" Cardholder Agreement's terms and conditions.[4] *Id*. at 10-11. However, these assertions are without merit. With regard to the former contention, the Court has already indicated that it will look to the Cardholder Agreement in determining whether a valid arbitration clause between the parties exists, as that Agreement governs the terms of Plaintiff's credit card. And, with regard to the latter

---

[4] While Plaintiff's opposition indicates that the Agreement "may have been mailed to" Plaintiff, thus suggesting that Plaintiff may not have received the Agreement, Defendant's affidavit states that Credit One enclosed a copy of the Agreement when it mailed Plaintiff his credit card. Since Plaintiff has failed to submit any evidence, e.g., sworn certification, on this point, his assertion in his legal brief is not sufficient to refute Defendant's evidence. *Liszewski v. Moyer Packing Co*., 252 Fed. Appx. 449, 451 (3d Cir. 2007) (citing *Jersey Cent. Power & Light Co. v. Lacey*, 772 F.2d 1103, (3d Cir.1985) ("[L]egal arguments in briefs are not evidence.")).

4

contention, Plaintiff's written acceptance of the Cardholder Agreement's terms and conditions is not required to create a binding contract.

New Jersey case law indicates that the cardholder's use of the credit card alone is sufficient in proving that a valid contract compelling arbitration exists between the parties. *Novack v. Cities Service Oil Co.*, 149 N.J. Super. 542, 548 (1977) (noting that "acceptance or use of the card by the [cardholder] makes a contract between the parties according to" the terms of the cardholder agreement); *MBNA Am. Bank, N.A. v. Cohen*, No. A-5484, 2010 N.J. Super. Unpub. LEXIS 2039, at *8 (App. Div. Aug. 18, 2010) (finding that defendant cardholder was bound by the arbitration clause in the cardholder agreement because, "it has long been recognized that in such situations, use of a credit card signifies acceptance of the terms of the credit agreement"); *MBNA Am. Bank, N.A. v. Bibb*, No. A-4087, 2009 N.J. Super. Unpub. LEXIS 1650, at *7 (App. Div. June 23, 2009) (holding that plaintiff bank could exercise the arbitration provision in the cardholder agreement, because "it has long been recognized in New Jersey that in the context of traditional credit cards, the cardholder's decision to use the card provides the requisite assent to the terms of the offer extended by the card's issuance, such that a contract is formed"); *Dimick v. First USA Bank, N.A.*, No. 99-2550, 2000 U.S. Dist. LEXIS 20910, at *4-5 (D.N.J. Jan. 14, 2000) (ruling that plaintiff cardholder relinquished his right to litigate against defendant bank, because he signified his intent to be bound by the arbitration clause in the cardholder agreement by using his credit card to make purchases).

Here, a cursory review of the Agreement's language immediately reveals that it contains an arbitration clause, and it indicates a method for accepting its terms. Specifically, the first few sentences of the Agreement read: "[t]his Agreement, together with the application you previously signed and the enclosed Arbitration Agreement, governs the use of your VISA or MasterCard

Account issued by Credit One Bank," and "[b]y requesting and receiving, signing or using your Card, you agree" to the Agreement's terms and conditions. *See* The Agreement p. 2. Directly under that phrase, the words "**IMPORTANT NOTICE**," in bold and capital text, direct the reader to the sixth page of the Agreement, which contains the arbitration clause, to further ensure that the cardholder is aware of the existence and terms of the arbitration clause. *Id*. Consequently, the Court is satisfied that Plaintiff clearly was on notice of the Agreement's arbitration clause, and that Plaintiff signified his acceptance to the Agreement's terms by making purchases on his credit card.

**3. Doctrine of Unconscionability**

In the alternative, Plaintiff argues in a conclusory fashion that, even if the arbitration agreement is valid, "such clause is unconscionable and therefore unenforceable." Plaintiff's Opposition Brief at 12. Indeed, Plaintiff devotes very little in his opposition papers in support of this position. Nonetheless, the Court will briefly address Plaintiff's claim of unconscionability.

Under New Jersey law, an unconscionably analysis requires consideration of two elements—procedural and substantive unconscionability. *Guidotti v. Legal Helpers Debt Resolution*, 74 F. Supp. 3d 699, 713 (D.N.J. 2014). Procedural unconscionability "considers defects in the formation [of a contract], namely, the parties' age, literacy, lack of sophistication, and the presence of hidden or unduly complex contract terms…. *Id*. (Internal quotation and citation omitted). On the other hand, substantive unconscionably "simply suggests the exchange of obligations so one sided as to shock the court's conscience." *Id*. at 713-14. (Internal quotation and citation omitted). Nonetheless, an arbitration clause that effectively informs the cardholder of its terms is not procedurally unconscionable. *Dimick,* 2000 U.S. Dist. LEXIS 20910 at *8 (concluding that since the arbitration "provision effectively puts the cardholder on notice that he/she has relinquished his/her right to litigate claims in court…the arbitration clause is not procedurally

unconscionable"). Moreover, an arbitration provision is not substantively unconscionable if it was not the product of grossly disproportionate bargaining power, and if it does not impede the cardholder in pursuing any meritorious claims. *Grimm v. First Nat'l Bank*, 578 F. Supp. 2d 785, 796 (W.D. Pa. 2008) (opining that the arbitration clause in the cardholder agreement was not substantively unconscionable, because the cardholder "could have chosen to open said accounts with a different financial institution"); *Dimick*, 2000 U.S. Dist. LEXIS 20910 at *8 (observing that the arbitration clause was not substantively unconscionable, because it did not "preclude [the cardholder] from vindicating substantive rights afforded" under the Truth in Lending Act).

Here, the Agreement effectively called Plaintiff's attention to its arbitration clause. For example, the Agreement's second provision, which was clear and in plain view, reads: "**IMPORTANT NOTICE**: Please read the Arbitration agreement portion of this document for important information about your and our legal rights under this Agreement." The Agreement p. 2. Relatedly, the arbitration provision was printed in bold and capital text, and contained an explanation of the arbitration process's implications: "**ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING. IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY.**" *Id*. at p. 6. In addition, the Agreement does not prevent Plaintiff from pursing the substantive rights that the TCPA affords him; rather, it merely requires him to bring his claim before an arbitrator. Further, Plaintiff had a meaningful choice in rejecting the terms of the Agreement by simply choosing to open a credit account with another financial institution. As such, the Court finds that the arbitration clause is not procedurally or substantively unconscionable.

**4. Scope of the Arbitration Agreement**

Having concluded that a valid agreement between the parties exists, the Court must next determine whether the dispute at hand falls within the ambit of the Agreement's arbitration clause. In making this determination, "the Court should keep in mind federal policy favors arbitration," and that broadly drafted arbitration clauses are entitled to a presumption of arbitrability. *Ellin v. Empire Today, LLC*, No. 11-2312, 2011 U.S. Dist. LEXIS 95639, at *16-17 (E.D. Pa. Aug. 24, 2011); *Century Indem. Co. v. Certain Underwriters at Lloyd's,* 584 F.3d 513, 556 (3d Cir. 2009) (noting that, because the scope of the arbitration clause in question "is broad[,]…the presumption of arbitrability applies to it"). Indeed, if "the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (Internal quotation and citation omitted). Accordingly, "in such cases, [in] the absence of any express provision excluding a particular grievance from arbitration,…only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id*. (Internal quotation an citation omitted).

In this case, Plaintiff alleges that Defendant violated the TCPA by telephoning him with regard to a delinquent Credit One credit card account. Essentially, Plaintiff brings suit based on the collection practices of Defendant. The arbitration clause provides: "[e]ither you or we can require that *any controversy or dispute* be resolved by binding arbitration" and "[c]laims subject to arbitration include…*collections matters relating to your account*…and any other matters relating to your account." The Agreeemnt p. 6 (emphasis added).  This broadly drafted arbitration clause is entitled to a presumption of arbitrability.  Plaintiff has not rebutted such presumption.  In

fact, Plaintiff's TCPA claim undoubtedly falls within the purview of the arbitration clause; that is, Defendant's alleged violation of the TCPA unquestionably pertains to a collection matter relating to Plaintiff's credit card account, as Defendant's telephone call was prompted by Plaintiff's alleged delinquency. Moreover, Plaintiff's TCPA claim clearly falls within the meaning of "any controversy or dispute" as defined by the scope of the arbitration clause.

### 5. Dismissing the Proceedings

Finally, upon an order compelling arbitration, Defendant asks the Court to dismiss the action, and Plaintiff has not requested a stay pending arbitration. The Third Circuit has held that the plain language of Section 3 of the FAA "affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. Hovensa, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004). Because neither party requests a stay of the proceedings, the Court dismisses the case in favor of arbitration.

DATE: November 12, 2015                                /s/ Freda L. Wolfson
                                                        Freda L. Wolfson
                                                        U.S. District Judge